IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERBERT C. MCDERMOTT, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1866 |
| | § | |
| MICHAEL J. ASTRUE,[1] Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees, pursuant to 42 U.S.C. § 406(b). *See* Docs. # 20, # 24. Plaintiff's attorneys, Charles E. Binder and Dominick Bonino ("Bonino") of Binder & Binder, P.C. (the "Firm"), seek an award of $26,173.13. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, it is recommended that Plaintiff's counsel's motion be granted in part and denied in part.

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.     BACKGROUND**

Plaintiff Herbert C. McDermott, Jr. ("McDermott") filed this case on May 6, 2004, appealing the determination of an Administrative Law Judge ("ALJ") that he was not entitled to receive social security disability benefits.  *See* Doc. # 1.  On December 10, 2004, the Court granted the Commissioner's motion to reverse as well as McDermott's motion for summary judgment, and remanded the case to the Commissioner for a new hearing.  *See* Docs. # 14, # 15, # 16, # 17.  In essence, the Commissioner conceded the need for a remand.  *See* Doc. # 13.  Thereafter, on January 18, 2005, the Court granted an unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,173.13.  *See* Docs. # 18, # 19.  After several administrative supplemental hearings, on remand, the ALJ found McDermott disabled and awarded McDermott past-due benefits.  *See* Doc. 20, at 2-3 & Exh. B.

On February 9, 2009, Plaintiff filed an initial and subsequent motion for fees, requesting $26,173.13 for the Firm's services provided in federal court.  *See* Docs. # 20, # 24.  Bonino affirms that this sum is in accordance with fee arrangement with McDermott and represents less than the 25% the total past-due social security disability benefits due to McDermott.  *See id.*, at 5.  Attached to Plaintiff's motion is an itemization of the 41.50 hours expended in federal court by the Firm on

McDermott's behalf. *See id.*, at Exh. B. McDermott filed a letter of consent to the fee request. *See id.*, at Exh. C.

The Commissioner opposes Plaintiff's request for fees, noting that it will result in a *de facto* hourly rate of $630.68 per hour ($26,173.13 divided by 41.50 hours). *See* Doc. 23, at 1 n.2. The Commissioner contends that it is up to the Court to determine if the fee is reasonable. *See id.* at 4.

## II. ANALYSIS

### A. 42 U.S.C. § 406

Attorneys who represent winning claimants in social security cases are entitled to receive reasonable fees not to exceed 25% of a claimant's past-due benefits under 42 U.S.C. § 406(b)(1)(A). Under § 406 of the Social Security Act, an attorney who has represented a plaintiff successfully before the district court may seek an award of fees. *See* 42 U.S.C. § 406. Unlike the EAJA, § 406 permits an award of fees for work done both at the trial and administrative levels. *See* 42 U.S.C. § 406(a), (b). While fees under the EAJA are statutorily capped, fees under § 406 are limited to reasonableness and may be no more than 25% of past-due benefits. *See* 42 U.S.C. § 406(b)(1). Fees under § 406(b) satisfy a client's obligation to his counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994).

Section 406(b) is supplemented by § 406(a), which provides that the Commissioner may award attorney's fees to a successful claimant's counsel for work performed before the SSA. *See* 42 U.S.C. § 406(a); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). In this regard, in *Brown v. Sullivan*, the Fifth Circuit stated:

> We are persuaded . . . that under section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), a court has authority to approve attorneys' fees only when a claimant "represented before the court" has obtained a favorable judgment. The district court, therefore, may consider only court-related services in setting allowable fees for representation before it. On the other hand, Congress has made it equally clear that the authority for setting fees for representation in agency proceedings rests exclusively with the [Commissioner].

917 F.2d 189, 191 (5th Cir. 1990) (footnotes omitted).

Although attorney's fees may be awarded under both the EAJA and § 406(b) for the same services, in order to avoid a double recovery of attorney's fees, an attorney who seeks fees under both the EAJA and § 406(b) must refund to the claimant the lesser amount. *See Gisbrecht*, 535 U.S. at 795-96 (noting that "Congress harmonized fees payable to the Government under EAJA with fees payable under § 406(b) out of the claimant's past due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal citations omitted)); *Trinidad v. Secretary of Health & Human Servs.*, 935 F.2d 13, 16 (1st Cir. 1991) (double

recovery is prevented by requiring the attorney to refund the amount of the smaller fee to the claimant). As the note following 28 U.S.C. § 2412 states:

> (b) Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refund to the claimant the amount of the smaller fee.

28 U.S.C. § 2412, note (1982), as amended by Act of August 5, 1985, Pub. L. No. 99-80 § 3, 99 Stat. 183 (1985). When drafting the above language in the statute, the House Committee commented on the amendment:

> It is the Committee's intent that when fee awards are made in Social Security or SSI cases under the EAJA, and provision is also allowed under the Social Security Act for recovery of attorney fees of up to 25% of the claimant's benefits, that the EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney. Thus under the amendment an attorney for a Social Security or SSI claimant would be precluded from receiving both the EAJA and Social Security Act fees. Without this amendment, it was argued, "double dipping" was possible. Such double payments are inappropriate and deprive the plaintiff of the benefits intended by the EAJA. Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, bust must return the amount of the smaller fee to the claimant.

H.R. Rep. No. 99-120, 1st Sess., 20 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 148.

Thus, § 406(b) of the Social Security Act is not a statute that "otherwise specifically

5

provides" for attorney's fees so as to preclude an award under the EAJA. *See Gisbrecht*, 535 U.S. at 796. By allowing plaintiffs' attorneys to keep the larger fee award and refund the smaller amount to their clients (rather than back to the government), courts best serve the incentive system underlying the fee-shifting statutes and their underlying policies. *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1453 (E.D. Wis. 1993).

## B. <u>Contingent Fee Agreements</u>

In *Gisbrecht*, the Supreme Court concluded that § 406(b) did not displace contingent-fee agreements within the statutory 25% ceiling. *See* 535 U.S. at 807-09. In this regard, the Supreme Court observed:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id*. at 807 (footnotes omitted). Although *Gisbrecht* overruled the law in the circuits on the appropriate method of calculating fees under 42 U.S.C. § 406(b), it did not overrule the Fifth Circuit's decision in *Brown v. Sullivan* on the bifurcation issue—the

SSA has the exclusive authority for setting fees for agency-related representation under § 406(a). *See Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990). In the case at bar, however, Plaintiff's counsel move the Court pursuant to 42 U.S.C. § 406(b) for authorization of attorneys' fees for 41.50 hours of federal court representation by attorneys from the Firm. *See* Docs. # 20, # 24. In his affirmation, Bonino specifically avers that his firm spent a "substantial amount of time at the administrative level and therefore we will seek approval of a fee from the Social Security Administration . . . for administrative time." *See* Doc. # 20, at 5.

### C. <u>Reasonableness of Fee Requested</u>

The only remaining matter to be resolved is whether it is reasonable under § 406(b) to award the Firm, $26,173.13 for the 41.50 hours of services performed in federal court in pursuit of the judicial review of the agency determination. A district court has broad discretion in awarding or denying attorney's fees, and will not be overturned absent an abuse of discretion. *See Contreras v. Barnhart*, 79 Fed. Appx. 708, 709, 2003 WL 22508444, at *1 (5th Cir. Nov. 5, 2003); *Volk v. Gonzalez*, 262 F.3d 528, 534 (5th Cir. 2001). A reviewing district court, however, may not presume the legitimacy or reasonableness of a fee petition simply because the claimant has approved the fee. The court must serve as an independent check, to ensure that fee petitions yield reasonable results in each particular case. *See Gisbrecht*, 535 U.S. at 807. The claimant's counsel must show that the fee sought is reasonable for the

services rendered. *See id.* Indeed, as noted in *Gisbrecht*, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." 535 U.S. at 808.

After reviewing counsel's submissions, including the Firm's itemized billing statement, the Court finds that the fee requested is excessive on the available record, and would constitute a windfall. One deficiency is that the Firm does not include either Bonino's or Charles E. Binder's standard hourly billing rate in noncontingent-fee cases of this nature. The Court is unpersuaded that the effective rate of $630.68 per hour requested is a reasonable rate for the work performed in this case as evidenced by the documents of record. Instead, the Court finds that a rate of $450 per hour would be reasonable under present circumstances, such as the skill and experience of the attorneys.

Separately, taking into consideration the level of experience of McDermott's counsel as well as their expertise in this area of the law, the Court is unpersuaded that all the 39.75 hours claimed to have been spent reviewing transcripts, researching, and drafting/editing briefs has been shown to have been reasonable and necessary. The issues were not easy but were not especially complex either. This was evidenced by the Commissioner's decision to agree to a remand. Thus, the Court grants an award of fees for 30 hours for the tasks performed by counsel in this case in federal court. The Court's calculation of fees at the reasonable rate of $450 per hour for the 30 hours

of reasonable and necessary work would result in a fee of $13,500.00. However, in recognition of the inherent risks undertaken by the Firm in handling this case, the firm's expertise in this area of law, the length of time between commencing the case and any recovery, and the results achieved, the Court finds that $17,540.00 is an appropriate award for the services the Firm performed for McDermott in federal court. This sum is two-thirds of the requested figure and does not exceed 25% of past-due benefits awarded to McDermott. *See Gisbrecht*, 535 U.S. at 795 n.3 (citing 20 C.F.R. § 404.1725(b)).

Counsel remain free to petition the Social Security Administration for payment of the balance withheld for services rendered at the administrative level under 42 U.S.C. § 406(a). Finally, because the EAJA award is smaller than the § 406(b) award set forth, *supra*, the Firm must refund to McDermott $6,173.13. *See Gisbrecht*, 535 U.S. at 795-96.

### III. **CONCLUSION**

Based on the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Attorney's Fees (Docs. # 20, # 24), brought pursuant to the Social Security Act, 42 U.S.C. § 406(b), be **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that within sixty (60) days of the entry of a Memorandum and Order, the Commissioner must pay Binder & Binder, P.C., $17,540.00, as a reasonable

and necessary fee for the services performed in federal court on behalf of the Plaintiff in this matter. It is finally

**ORDERED** that Binder & Binder, P.C. shall refund to Plaintiff, within sixty (60) days from entry of this Memorandum and Order, $6,173.13, which constitutes the EAJA fee that was previously awarded to Binder & Binder, P.C. and the smaller fee award.

**SIGNED** at Houston, Texas, on this the 17th day of February, 2010.

_____
Nancy F. Atlas
United States District Judge